By the Court

Nelson, Ch. J.
The rejoinder is probably defective for limiting the denial of the discovery of the bank bills and packages of money to a period after the 19th June, 1833, as it thereby impliedly concedes the fact on or before that time; and if we assume the matter set up in the replication to be a good answer to the plea of the statute of limitations, the rejoinder would not be a complete denial.
Whether the rejoinder is good or bad, however, is not material, as the principle question in the case arises upon the plea; that is, whether a fraudulent concealment of the cause of action by the defendant, until [205] after the statute has attached, affords a sufficient answer to the plea, provided the suit has been commenced within six years after the discovery. The question has been twice before this court, and after a full discussion decided in the negative. It would be an idle waste of time to go over the argument. In Troup v. Smith's Executors (20 Johns. R. 48), Spencer, C. J. says: “ But we wish to be understood as deciding the case on the ground, whether there was a fraudulent concealment or not, so as to prevent the plaintiffs discovering the fraud until within six years before the commencement of the suit; sitting as a court of law, and bound by the express provisions of the statute, We could not notice the fraud, so as to take the case out of the operation of the statute.” One of the counsel on the argument, in the case before us, supposed that the fact of a fraudulent concealment of the cause of action in the case of Troup v. Smith, was not set up in the pleadings. A *118 reference to the case will show this to be a mistake, p. 35, as it is there alleged that Smith fraudulently and deceitfully showed and delivered to the plaintiff certain false and incorrect field notes and maps of the survey, from which it appeared that the survey had been done in a good and workmanlike manner. In Leonard v. Pitney (5 Wendell, 30), the fraudulent concealment of the defect of the title by the defendant was expressly averred.
Some of the judges in England in late cases have intimated an opinion that a fraudulent concealment by the defendant would take the case out of the statute even at law, as well as in equity; but we are not aware of any decision upon the point. The intimation is founded upon the dictum of Lord Mansfield, in Bree v. Holbeck (Doug. 654), which Chief Justice Spencer, in Troup v. Smith's Executors, refused to acknowledge as an authority, p. 46. See also 2 Brod. & Bing. 73; 2 Barn. & Cr. 153; Wilt, on Limitations, 115.
Judgment for defendant on demurrer; leave to plaintiffs to amend.