Lipscomb, J.
The defendant’s counsel admits that if tlie statute of limit» tions of the 5t.ii February, 1841, applies to tIlls case, it interposes a bar to a recovery. They contend, however, that it does not come within the statute, because the execution under which the property was sold by the sheriff, on the 4th day of July, 1843, was a nullity, and gave not even a color of title to those claiming under such sale; that the District Court had no jurisdiction of the suit in which the judgment and decree were made.
In tiie view we take of the statute of limitations, as applicable to this case, it is not material whether the judgment and decree under which the slaves were sold was void or voidable. If we were to hold that the sale conveyed no title because the judgment was void, still it would not follow that the purchaser could not claim the benefit of the statute. Slaves have always been considered personal property in this State. The first section oE the statute referred to (.art. 2377, Ilarf. Dig.) is express and clear that “all actions for detaining the personal property, and for converting such personal property to one’s own use, shall be commenced and sued within two years next after the cause of action or suit, and not after.” Wheni then, did the cause of action arise? Unquestionably when'the property was taken from the possession of the appellant, and sold. He could have sued for it when Young, by his agent, first obtained the possession. The statute then commenced running, for it cannot be doubted that the present defendant can claim the time that run whilst the slaves were in the possession of those under whom lie claimed.
The fact that the appellant is suing as administrator cannot bn of any advantage to him or prejudice to the defendant. IE an administrator has either been so faithless or negligent that he suffered a good cause oE action to .be barrial, by which the estate"he is representing is injured, the answer is, as was said ir Swenson v. Walker’s Administrators, that he must account to those interested in the estate as best he may. If the statute of limitations was out of the question, his long acquiescence under the sale to which he had consented until the properly had passed through different hands, for a valuable consider ntion, might well be set up against him as an estoppel in pais. We beliet*' there is no error, and the judgment must be affirmed.
Judgment affirmed.
Wheeler, J. In this case I did not sit, having been of counsel.