HENRY A. SKINNER *vs.* WALTER A. BRIGHAM.

Worcester.    Oct. 1, 1878. — Jan. 28, 1879.    AMES & SOULE, JJ., absent

If a person, by false and fraudulent representations, induces another to exchange certain chattels for a parcel of land, of which he delivers an invalid deed, the grantee can recover for the conversion of the chattels; and the deed is admissible in evidence, without proving its execution by the attesting witness.

TORT. The declaration contained two counts. The first count alleged that the defendant, for the purpose of inducing the plaintiff to purchase a certain parcel of land in Enfield, New Hampshire, falsely, fraudulently and with intent to cheat and defraud the plaintiff, represented to him that there was a barn on the estate one hundred feet in length, a two-story house nearly new and painted white, and one small house, that both houses were occupied by families at that time, and that the estate was only three and one half miles from the Enfield depot; that the plaintiff, believing these representations, was thereby induced to purchase the estate, and in part payment therefor to deliver to the defendant certain machinery and personal property of the value of $500; and that the representations were false, to the knowledge of the defendant, whereby the plaintiff suffered great damage. The second count was for the conversion by the defendant of the personal property mentioned in the first count. Answer, a general denial.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff offered evidence tending to prove the facts alleged in the first count of the declaration; that the defendant, in pursuance of the agreement between him and the plaintiff, in regard to the sale and purchase of the estate, having in his possession

a blank form of deed apparently signed, sealed and witnessed by persons residing in New Hampshire, containing in the granting part a description of the estate, the name of the grantee and date being blank, filled in the name of the plaintiff as grantee and delivered the paper to him; that the plaintiff said to the defendant, at the time, that he thought the latter should sign the deed; that the defendant replied that it was all right, that by delivering that deed he would avoid the expense of another; that the plaintiff then delivered the personal property to the defendant; that after said property was thus delivered, the defendant, at the plaintiff's request, filled in the date of the instrument; that as soon as the plaintiff found that the representations made by the defendant were false, he went to the latter and told him that the estate was not what he had represented, and then tendered back to the defendant the instrument received of him and also a quitclaim deed from himself to the defendant of the premises in question, and demanded back the personal property, which the defendant refused to deliver. The plaintiff testified that he received the instrument as and for the deed of the premises which he agreed to purchase, supposing it to be a valid deed; and the defendant testified that he delivered the deed as a valid deed in exchange for the personal property.

The plaintiff offered the instrument in evidence, but offered no evidence of its execution by the grantors. He testified that he did not know the witnesses, or where they resided. He also called the defendant, who testified that he did not know the grantors or witnesses and had no authority from them to fill up the instrument. The defendant objected to the admission of the instrument in evidence, but the judge admitted it as the paper which was delivered by the defendant as the title to the real estate, and the defendant excepted.

At the close of the evidence, the defendant asked the judge to direct a verdict for the defendant, on the ground that the evidence would not support a verdict for the plaintiff on either count; and also asked the judge to rule as follows: "Inasmuch as the plaintiff, by the transaction between him and the defendant, got no title to the farm in question, the alleged representations as to its character and quality are immaterial, and therefore the plaintiff cannot recover upon the count for deceit."

The judge declined so to rule; submitted the case to the jury, on the first count, under instructions not excepted to; and, in reference to the deed, instructed the jury that it was immaterial whether the deed was valid or not, if they found that the plaintiff agreed to buy and the defendant agreed to sell the estate in question, and the plaintiff paid the consideration agreed upon, and the defendant delivered to him this deed as and for a valid deed of the premises, and it was so represented to be by him, and the plaintiff received it as such, and if they further found that the bargain was made and the property delivered by the plaintiff induced by the false and fraudulent representations of the defendant.

The jury returned a verdict for the plaintiff for the value of the personal property, he not claiming any more; and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant.

*F. T. Blackmer*, for the plaintiff.

ENDICOTT, J.    Upon the undisputed facts, the jury were bound to find that the defendant, as alleged in the second count, converted to his own use the chattels delivered to him by the plaintiff, as the consideration for the conveyance of the farm, which was never conveyed to the plaintiff by a valid and sufficient deed.    See *Burns* v. *Lynde*, 6 Allen, 305.    The consideration therefore utterly failed.    The deed was properly admitted in evidence as part of the transaction, and the plaintiff was entitled to recover the value of the chattels which he had delivered as his part of the bargain.    The plaintiff having recovered no more than their value, the defendant was in no way injured by any of the instructions; and it is unnecessary to consider whether they were in all respects accurate.

*Exceptions overruled.*