## WILLIAM CARR
## v.
## JAMES BARNETT.

*Replevin—Statute of Limitations—When Action Accrues—Estray—Irregular Sale.*

Replevin brought to recover a horse ten years after it was irregularly sold as an estray is barred by the Statute of Limitations, the cause of action having arisen at the time of the unlawful conversion of the horse.

[Opinion filed August 26, 1886.]

IN ERROR to the Circuit Court of Vermilion County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. E. BOOKWALTER, for plaintiff in error.

Mr. E. R. E. KIMBROUGH, for defendant in error.

WALL, J.   This was an action of replevin to recover possession of a horse.

It appeared that some ten years before the suit was brought the defendant took up the horse as an estray, had him appraised, and the animal being offered for sale under these proceedings defendant bought it and had ever since claimed and used it as his own.   There was no concealment, fraudulent or otherwise, of his possession and claim, but the facts were unknown to the plaintiff until a short time before the suit was brought.

It was conceded that the law in regard to estrays was not fully complied with and, therefore, the title did not pass by the sale, but it was insisted that the Statute of Limitations of five years was a perfect defense.   The court held otherwise and the plaintiff recovered.

If the defendant unlawfully appropriated the property to his own use under a claim inconsistent with that of the plaintiff, he was guilty of conversion and the plaintiff might have immediately brought and maintained trover or replevin without making a demand.   1 Gr. on Ev. Sec. 642; Hilliard on Torts, Vol. 2, Ch. 25; 1 Ch. Pl. 154.

We are of opinion that in this case the cause of action accrued more than five years before the commencement of the suit and the Statute of Limitations was therefore a good defense.   The court erred in not so instructing the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*