Decided 4 December, 1905.

## LEAVITT *v.* SHOOK.

83 Pac. 391.

LIMITATIONS — REPLEVIN.

1. Where, in replevin brought in 1905, defendant and his vendor had been in open, undisputed possession of the property claimed since 1896, claiming ownership in good faith, plaintiff's action was barred by limitation.

PRIVATE WRITINGS AS EVIDENCE — PROOF OF GENUINENESS — REPLEVIN.

2. Where, in replevin, defendant claimed to have purchased the property in good faith from R., who testified that he purchased it from one J., whom he believed to be the owner, in March, 1896, and who had in his possession and delivered to R. what purported to be a bill of sale to him from another, such bill of sale is admissible without proof of its genuineness to show the manner and circumstances under which R. acquired possession.

STOCK BRAND AS EVIDENCE — REPLEVIN.

3. Where, in replevin to recover a horse, defendant's vendor testified that after he purchased the animal she was branded with his brand, a copy of which was recorded, such copy was properly admitted in evidence as tending to show good faith.

From Baker: SAMUEL WHITE, Judge.

Replevin action by E. V. Leavitt against J. R. Shook, resulting in a judgment for defendant, from which plaintiff appeals.        AFFIRMED.

For appellant there was a brief over the name of *Lomax & Anderson*, with an oral argument by *Mr. Leroy Lomax*.

For respondent there was a brief over the names of *C. A. Johns* and *Woodson Lycurqus Patterson*, with an oral argument by *Mr. Patterson*.

PER CURIAM. The judgment in this case will be affirmed. It is an action of replevin to recover possession of a certain mare, which the evidence for the plaintiff showed belonged to him, but had strayed from his place in 1893, and its whereabouts had been unknown to him until the spring of 1905, a few days before he commenced this action. The defendant claimed to have purchased the animal in good faith from George and H. J. Rizor in 1903; that the Rizors purchased her from one Frank Jones in good faith in 1896, believing he was the owner and had the right to sell; that they thereafter remained in the open, notorious and undisputed possession thereof, under an honest claim of right, until the time of the sale to defendant in 1903. The plaintiff claimed that the possession by the Rizors was without right and fraudulent. The jury returned a general verdict to the effect that the plaintiff was the owner and entitled to the possession of the animal, but at the same time, and by direction of the court, rendered a special verdict as follows:

"We, the trial jury, duly impaneled to try the above-entitled cause, make the following special findings:

(1) If you find from the evidence that the defendant purchased the animal described in the complaint from George Rizor and H. J. Rizor, then state for how many years the said Rizors had the possession of the said animal.

Answer. Seven years.

(2) Was there any concealment or improper act on the part of the said Rizors in acquiring said animal or in their possession thereof?

Answer. No.                     Geo. W. Wright,
                                      Foreman."

Upon motion of the defendant the general verdict was disregarded and one rendered in his favor upon the special findings, and plaintiff appeals.

1. Under the special findings the defendant was entitled to a judgment in his favor, because the action was barred by the statute of limitations: *Wells* v. *Halpin*, 59 Mo. 92 ; *Dee* v. *Hyland*, 3 Utah, 308 (3 Pac. 388). It is unnecessary, therefore, to consider any of the assignments of error except such as affect the special verdict.

2. George Rizor was a witness for the defendant and testified that he and his son, who are partners, purchased the mare in question of one Jones, whom they believed to be the owner, in March, 1896, and that Jones had in his possession at the-time, and delivered to them, what purported to be a bill of sale from C. L. Cromwell to him of this particular animal and others. This bill of sale was introduced in evidence to show the manner and circumstances under which the Rizors came into possession of the animal, and not as a muniment of title, and was therefore competent for whatever the jury might consider it worth, without proof of its genuineness: *Spooner* v. *Holmes*, 102 Mass. 503 (3 Am. Rep. 491); *Steiner* v. *Tranum*, 98 Ala. 315 (13 South. 365).

3. Rizor also testified that after the animal was purchased she was branded with his brand. A copy of his recorded brand was properly admitted in evidence as tending to show good faith.

The other assignments of error are based on instructions which, if erroneous, were harmless because they affected the general verdict only and not the special findings.                          AFFIRMED.