## LIGHTFOOT v. DAVIS.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1909.)

LIMITATION OF ACTIONS (§ 95*)—CONVERSION OF SECURITIES—WHEN ACTION ACCRUES.

Limitations (Code Civ. Proc. § 382) commence to run against an action for the conversion of corporate bonds from the time the bonds were converted, and not from the discovery of the person who converted them.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 473; Dec. Dig. § 95.*]

Appeal from Special Term, Livingston County.

Action by William Lightfoot against Fitch M. Davis, as administrator with the will annexed of William Bowen, deceased. From a judgment for plaintiff for $13,733.27, defendant appeals. Reversed. See, also, 112 N. Y. Supp. 289.

The action is brought to recover the value of certain school bonds issued by counties in the state of Kansas, of the face value of about $4,000, alleged to have been converted by the defendant's intestate on or about March 18, 1875. The defendant by his answer put in issue the material allegations of the plaintiff's complaint, and pleaded the statute of limitations. The action was referred to a referee, who directed judgment for the value of the bonds, with interest in all the sum of $12,461.59, and judgment was entered for that amount, besides costs. The defendant appeals.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Edwin A. Nash, for appellant.
Fletcher C. Peck, for respondent.

KRUSE, J. The sole question presented for determination upon this appeal is whether the cause of action is barred by the statute of limitations.

The referee finds that on or about the 1st of March, and previous to the 18th of March, 1875, some person then unknown to the plaintiff, without the knowledge of the plaintiff, and while he was absent from his home, unlawfully entered the plaintiff's house, forcibly pried open a locked bureau drawer, and took therefrom the bonds in question; that said bonds were so taken by William Bowen, the defendant's intestate, who collected the bonds and converted the same to his own use; that the plaintiff made diligent effort, inquiry, and search to find the bonds and to discover the person or persons who stole them, but did not discover the person who had taken the bonds until October, 1899, and after the death of the taker, who died August 25, 1899.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The bonds, when taken, were in an envelope, with a letter describing them. This was the only memoranda the plaintiff had, and was taken with the bonds. Bowen collected the interest on the bonds, and eventually the principal. It does not appear how he collected the moneys, but that he did so appears from an account book kept by him. Bowen was the plaintiff's father-in-law, a member of his household when the bonds were taken, and always lived near him afterward. Strange as it may seem, the plaintiff did not discover who had taken the bonds until after Bowen's death, when he discovered the envelope, the letter, and the account book, at least he so testifies, and so the referee finds. It was conceded that Bowen left at his death personal property of the value of at least $20,000 as assets of his estate, and the plaintiff asks in his complaint that the defendant account and pay over to him the amount of the bonds and the income thereof, if it can be traced. But the bonds were collected long before the death of Bowen, and there is no evidence by which the proceeds of the bonds can be traced or identified as a part of the $20,000. Indeed, the record is entirely silent upon that subject, except the bare admission to which I have just referred.

The question is whether the statute of limitations commenced to run from the time the bonds were taken and converted, or from the time the plaintiff discovered who had taken them. We think the cause of action accrued and the statute commenced to run when the bonds were taken, and, the action not having been commenced within six years thereafter, is barred by the statute of limitations. Code Civ. Proc. §§ 380, 382. In Allen v. Mille, 17 Wend. 202, which was an action of trover, commenced January, 1834, for the conversion of $20,000 of bank bills, stolen November 15, 1826, the defendant interposed the statute of limitations. The plaintiffs replied that the bills were stolen from them by some person unknown, and secretly kept, and, although the plaintiffs had used great exertions to discover the bills and the person by whom the same were taken, yet the same proved fruitless until June 19, 1833, within six years before the commencement of the action, when they for the first time discovered that the bills so secretly and feloniously taken and so secretly kept were afterwards converted by the defendant. The defendant rejoined, but it was contended by the plaintiffs that the rejoinder was bad. The question thus raised was decided adversely to the plaintiffs. Chief Justice Nelson in the opinion of the court says:

"Whether the rejoinder is good or bad, however, is not material, as the principal question in the case arises upon the plea; that is, whether a fraudulent concealment of the cause of action by the defendant until after the statute has attached affords a sufficient answer to the plea, provided the suit has been commenced within six years after the discovery. The question has been twice before this court, and after a full discussion decided in the negative. It would be an idle waste of time to go over the argument."

To the same effect is Burt v. Meyers, 37 Hun, 277. It there appeared that certain bonds were wrongfully converted, and it was held that the statute of limitations commenced to run from the time of the conversion, and not from the time that the plaintiff discovered that he had a cause of action. And it was further held that the wrongdoer did

not become a trustee within the meaning of the statute of limitations. Mr. Justice Follett in the opinion, after holding that the fact that the cause of action remained undiscovered by the plaintiff did not prevent the statute from running in the meantime, says (page 280):

"When property has been converted, the taker may, by an equitable action, be charged as a constructive trustee, and the proceeds recovered so long as they can be traced and identified, or the damages may be recovered in a legal action. The only remedy to which the plaintiff was entitled (aside from a recovery of the specific bonds) was the recovery of a sum of money at law or in equity sufficient to compensate him for the loss of his bonds, which is the only remedy sought in this action, and is the precise and only relief granted by the judgment under consideration,"

—and finally holds that the wrongdoer is not a trustee within the meaning of the statute of limitations, and that the action is barred.

We think these cases sustain the defendant's contention that the plaintiff's cause of action is barred by the statute of limitations.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.