(May 13, 1911.)

CARY C. HAVIRD, Respondent, v. LOUIS LUNG, Appellant.

[115 Pac. 930.]

ESTRAYS — TITLE PASSED BY SALE — LIMITATIONS — CONVERSION OF CHATTEL — ACCRUAL OF CAUSE OF ACTION — DEMAND — NONDISCOVERY.

(Syllabus by the court.)

1. By compliance with the estray law of 1905, now found in substance in sec. 1299 of the Rev. Codes, the purchaser of an animal

regularly sold as an estray acquires an absolute title, regardless of lapse of time.

2. Noncompliance with such law makes the possession by the person who takes up an estray wrongful, renders him liable to the owner as for conversion, and leaves him without protection for any expenses which he may have incurred in the care of the animal while in his possession.

3. Under sec. 4054, Rev. Codes, subd. 3, which requires an action for taking, detaining or injuring any goods or chattels, or for the specific recovery of personal property, to be brought within three years, a right of action accrues in favor of the owner of goods as soon as they are wrongfully taken from his possession, or wrongfully converted by one who rightfully came into possession of them.

4. Where the possession of property is acquired by tort, no demand need be made previous to the institution of suit for its recovery, and consequently the statute of limitations is set in motion without such demand.

5. Nondiscovery of the location of a chattel is not a material element in the computation of the period of limitation allowed to commence an action to recover such chattel.

6. The provisions of sec. 4054, Rev. Codes, subd. 4, that the cause of action for fraud or mistake is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake, applies only to actions for fraud or mistake within the common acceptance of those terms, and has no application to the action for taking, detaining or injuring goods or chattels, the period for commencing which is prescribed by the third subdivision of the section.

APPEAL from the District Court of the Third Judicial District, for Ada County.    Hon. Fremont Wood, Judge.

Action for claim and delivery.    Judgment for plaintiff and defendant appeals.    *Reversed.*

Cavanah & Blake and Chas. F. Koelsch, for Appellant.

"If the original possession of property is acquired by a tort, no demand previous to the institution of a suit is necessary." (*Sargent v. Sturm*, 23 Cal. 359, 83 Am. Dec. 118; *Coombs v. Collins*, 6 Ida. 536, 57 Pac. 310.)

"It is only when one obtains possession of property lawfully that demand is necessary to support replevin or trover." (*Velsian v. Lewis*, 15 Or. 539, 3 Am. St. 185, 16 Pac. 631.)

It is a wrongful taking that gives a right of action, and it is a wrongful holding for the required length of time, if openly and exclusively, that sets and keeps the statute in operation and results in transferring title from the true owner to the tortious holder. (*Harpending v. Meyer,* 55 Cal. 555.)

"When misconduct or negligence constitutes a cause of action, the statute of limitations begins to run from the time when the defendant had been guilty of such misconduct or negligence." (*Lattin v. Gillette,* 95 Cal. 317, 29 Am. St. 115, 30 Pac. 545; *Wood v. Currey,* 57 Cal. 209; *Piller v. Pac. R. Co.,* 52 Cal. 42.)

"Mere ignorance of the existence of the facts constituting a cause of action does not prevent the running of the statute." (*Davis v. Boyett,* 120 Ga. 649, 102 Am. St. 118, 48 S. E. 185, 66 L. R. A. 258, 1 Ann. Cas. 386; *Lambert v. Mc-Kenzie,* 135 Cal. 100, 67 Pac. 6; *Lightfoot v. Davis,* 132 App. Div. 452, 116 N. Y. Supp. 904.)

R. M. McCracken, for Respondent.

"It has always been the rule in equity that the defendant's fraudulent concealment of a cause of action will postpone the running of the statute until such time as the plaintiff discovers the fraud." (19 Cyc., 2d ed., 243.)

"But this will not absolve him from all effort or diligence to obtain such knowledge, and the facts of which he might have obtained knowledge, had he sought it from its natural sources of information which were at his command, will be deemed within his knowledge." (*Taylor v. S. & N. Ala. R. R. Co.,* 13 Fed. 152, 4 Woods, 575; *Farrar v. Bernheim,* 75 Fed. 136, 21 C. C. A. 264.)

MacLANE, District Judge.—This is an action of claim and delivery for a horse. The defendant pleaded the statute of limitations and the trial court, by an instruction, withdrew this defense from the jury, in consequence of which there was a verdict for the plaintiff and the defendant has appealed.

The facts shown by the record are that the plaintiff lost the horse in the fall of 1905, and one C. A. Esgate took the

horse up as an estray while it was trespassing upon his land,
on the 1st of November, of that year. He used the horse
until February 25th, 1908, when he sold him at public auc-
tion to Elias Marsters, who used him on his delivery wagon
until October, 1908, when he traded him to the defendant in
this action, who likewise used him publicly until about June
23d, 1909, when the plaintiff saw the horse for the first time
since 1905, demanded possession, and, on defendant's refusal
to comply with the demand, commenced this action on June
25th, 1909.

Upon these facts the court instructed the jury that "Where
property is taken up as an estray, the law requires and points
out the duty of the person taking up such animal or ani-
mals, and where such party fails to comply with the estray
law, his possession of the property thus taken up becomes
wrongful, and in my opinion he would not be permitted to
plead the statute of limitations in his own behalf against the
true owner of the property, and for that reason it is appar-
ent that while the property was held and possessed by such
wrongful holder, the statute of limitations would not run, and
could not be invoked in behalf of a subsequent purchaser with-
out notice by the person thus taking up the estray."

We think that this instruction misconceives the true pur-
pose both of the estray law, and of the statute of limitations.
By sec. 4054, Rev. Codes, "An action for taking, detaining,
or injuring any goods or chattels, including actions for the
specific recovery of personal property," must be brought
within three years from the accrual of the cause of action.
By Laws 1905, p. 366, section 1, which was in force when
Esgate took up this horse, and the substance of which is now
included in sec. 1299, Rev. Codes, a person taking up an
estray—that is, an animal running at large without sufficient
food or shelter, between the 1st of November and the 1st of
the following March—is required to notify the owner, if
known, or, if unknown, the county recorder, whose duty it is
to search the brand record and to notify the recorded owner
of the brand, if the brand is recorded, and if not, to notify
the constable, who is required to advertise the animal and·

sell the same. The estray law has nothing to do with the setting of the statute of limitations in motion. By compliance with the statute an absolute title passes to the purchaser at the sale, regardless of the lapse of time. Noncompliance with the law makes the possession of the taker-up wrongful, renders him liable to the owner as for a conversion, and leaves him without protection for any expenses which he may have incurred in the care of the animal while in his possession. So, in this case, when Esgate took up the plaintiff's horse, retained possession of him without complying with the estray law, and used the horse as his own, he was guilty of a conversion of the plaintiff's property, and a cause of action at once accrued to the plaintiff against him. "All the cases agree in this, that a right of action accrues in favor of the owner of goods as soon as they are wrongfully taken from his possession, or wrongfully converted by one who rightfully came into possession of them." (*Harpending v. Meyer,* 55 Cal. 555.) "It is a general rule that, where the possession of property is originally acquired by a tort, no demand previous to the institution of suit for its recovery is necessary. It is only when the original possession is lawful, and the action relies upon the unlawful detention, that a demand is required." (*Sargent v. Sturm,* 23 Cal. 359, 83 Am. Dec. 118, quoting *Paige v. O'Neal,* 12 Cal. 483.) Nor is the nondiscovery by the plaintiff of the whereabouts of the horse material, as in an action of this kind the statute runs from the time of the taking and not from the time of the discovery of the taker, even though the thing taken is secreted or concealed so as to elude discovery. (*Allen v. Mille,* 17 Wend. 202; *Burt v. Meyers,* 37 Hun, 277; *Lightfoot v. Davis,* 132 App. Div. 452, 116 N. Y. Supp. 904.)

This is not "an action for relief on the ground of fraud or mistake" under the fourth subdivision of section 4054, in which case the cause of action is "not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake," as this subdivision applies only to actions for fraud or mistake within the common acceptance of this term, and for that reason the cases

of *Taylor v. S. & N. R. Co.*, 13 Fed. 152, 4 Woods, 575, and *Brown v. Brown*, 62 Kan. 666, 64 Pac. 599, cited by respondent, have no application.

A case very similar to this is *Carr v. Barnett*, 21 Ill. App. 137. There it appeared that ten years before suit was brought the defendant took up a horse as an estray and bought it in at a sale. The court says:

"It was conceded that the law in regard to estrays was not fully complied with and, therefore, the title did not pass by the sale, but it was insisted that the statute of limitations of five years was a perfect defense. The court held otherwise and the plaintiff recovered. If the defendant unlawfully appropriated the property to his own use under a claim inconsistent with that of the plaintiff, he is guilty of conversion, and the plaintiff might have immediately brought and maintained trover or replevin without making a demand."

Judgment was therefore reversed.

Another similar case is *Leavitt v. Shook*, 47 Or. 239, 83 Pac. 391. There the plaintiff's horse strayed from his place in 1893, and its whereabouts were unknown to him until 1905, when, within a few days after its discovery, he commenced his action. The defendant claimed to have purchased the animal in good faith in 1903, from a person who had purchased it from another whom he believed to be the owner, and both the defendant and his predecessor had been in open and notorious possession. The defense of the statute of limitations was sustained. (See, also, *Thomas v. Brooks*, 6 Tex. 369.)

It follows that the evidence sustained the defense of the statute of limitations and the court erred in withdrawing that defense from the jury. The judgment will be *reversed*, with directions to enter judgment for the defendant, unless the plaintiff applies for a new trial within thirty days from filing the *remittitur*, in which case a new trial will be granted. Costs are awarded to the appellant.

Ailshie, Presiding J., and Sullivan, J., concur.