## Trinity Rent-A-Car, Inc. *v.* Heating Service and Installation Company, Inc.

Appellate Division of the Circuit Court

File No. CV 4-6602-5729

Argued November 28, 1966—decided April 21, 1967

*Vincent A. Miller,* of Waterbury, for the appellant (defendant).

*Alvin Rosenbaum,* of Waterbury, for the appellee (plaintiff).

Pruyn, J. The plaintiff, a corporation doing business in Waterbury, was engaged on May 24, 1965, in the rental of automobiles and has brought this action to recover of the defendant for the rental of a Corvair automobile. The defendant, a corporation doing business in Bridgeport with a branch place of business in Waterbury, was on that date engaged in heating service and had on that date one Chambers and John Scanlon as its agents and employees doing work and engaging in the defendant's business from the Waterbury branch office, Chambers being in

charge of activity at the Waterbury office. On May 24, 1965, Scanlon rented from the plaintiff a Corvair upon signing a leasing agreement with the plaintiff as a representative of the defendant and upon presentation to the plaintiff of a purchase order for the hire of a motor vehicle for the defendant's business use. This purchase order was on a form regularly used by the defendant in its business, was numbered as required and was signed by Chambers as manager. The furnishing of the purchase order was in lieu of furnishing a deposit on the rental of the car. The hiring of motor vehicles by agents, servants, officers and employees of business concerns on the strength of such purchase orders is a usual undertaking in this kind of business activity. The plaintiff and the defendant, prior to May 24, 1965, had not transacted business with each other, nor did the plaintiff or its agent handling this transaction know the defendant, Chambers, or Scanlon. The Corvair was used for three weeks. The defendant did not produce Scanlon or Chambers as witnesses. Neither Scanlon nor Chambers had express authority from the defendant to rent automobiles. Such are the facts found by the court. The finding is not subject to correction; the evidence supports the facts found.

The basic question of law presented by this appeal by the defendant from the judgment for the plaintiff is whether Scanlon and Chambers, purporting to act on behalf of the defendant, had the authority so to act in the rental of the Corvair so as to bind the defendant. There being no express authority, it is necessary to look to the facts to determine whether there is implied or apparent authority. "The existence of an implied agency is essentially a question of fact. . . . The proof is generally found in the acts and conduct of the parties." *Cleaveland* v. *Gabriel,* 149 Conn. 388, 394.

The defendant claims that the court erred in admitting into evidence the purchase order. This was the actual document received by the plaintiff and on which it relied for the action it took in not requiring a deposit on renting the car. The court committed no error. *People* v. *Marsh,* 58 Cal. 2d 732, 734; *People* v. *Adamson,* 118 Cal. App. 2d 714, 720; *Skinner* v. *Brigham,* 126 Mass. 132, 134; *Pulsifer* v. *Walker,* 85 N.H. 434, 440; *Leavitt* v. *Shook,* 47 Ore. 239, 241. Nor did the court err in admitting into evidence the rental agreement. This was actually signed in the name of the defendant by Scanlon in the presence of the plaintiff's agent. 7 Wigmore, Evidence (3d Ed.) § 2131. It was competent for whatever weight the court might give to it. *Leavitt* v. *Shook,* supra.

"Apparent and ostensible authority is such authority as a principal intentionally, or by want of ordinary care, causes or allows a third person to believe that the agent possesses. This authority to act as agent may be conferred if the principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to act on an apparent agency. It is essential to the application of the above general rule that two important facts be clearly established: (1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority; and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority." *Quint* v. *O'Connell,* 89 Conn. 353, 357. "Apparent power of an agent is to be determined not by his own acts but by those of the principal." *Zazzaro* v. *Universal Motors, Inc.,* 124 Conn. 105, 111. The law presumes that an employer intends his employee to have such

powers as are reasonably necessary for him to carry on his work for the employer and such other powers as are reasonably necessary for him to carry into effect the powers thus implied. *Ackerson* v. *Jennings Co.*, 107 Conn. 393, 397. "The aim of the courts in formulating and developing rules as to apparent authority has been to protect, under proper circumstances, a third person in his dealings with an agent who lacks express authority." *Keeler* v. *General Products, Inc.*, 137 Conn. 247, 251.

In applying these general rules to the facts of this case, we cannot say that the trial court erred in reaching its conclusion of apparent authority.

There is no error.

In this opinion Jacobs and Kosicki, Js., concurred.