**Sylvia M. ASH, Plaintiff,**

v.

**The UNITED STATES of America et al.,
Defendants.**

Civ. No. 72-0-166.

United States District Court,
D. Nebraska.

June 5, 1973.

David A. Johnson, Omaha, Neb., for plaintiff.

Eugene P. Welch, Omaha Neb., for defendant Hartford.

Robert G. Fraser, Omaha, Neb., for defendant Rasmussen.

William K. Schaphorst, U. S. Atty., for the D. of Nebraska, for defendant United States of America.

## MEMORANDUM

ROBINSON, Senior District Judge.

This matter comes before the Court upon the motions of defendant Rasmussen [Filings #13 and 17] and the motion of defendant Hartford to dismiss. [Filing #16].

Both parties assert that the cross-claim in question is barred by the statute of limitations.

28 U.S.C. § 2415 provides in part that:

"Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues."

This action was removed from the District Court of Douglas County on March 1, 1972 [Filing #1]. The parties were subsequently realigned and the former counter claimant in the State Court was designated as a plaintiff and the United States as a defendant. The United States filed an answer, counterclaim, and cross-claims on March 28th, 1972, denying liability for any damages resulting from an automobile accident. [Filing #4]. According to the answer the accident occurred on January 11th, 1968.

The cross-claims were filed for the first time on March 28th, 1972, against defendants Rasmussen and Hartford for damage to a vehicle of the United States involved in the January 11th, 1968 accident. Thus it can be determined from the face of the pleadings that the cross-claims by the United States were filed at a point in time after three years from the date of the accident. No reason has been advanced by

the United States which would exclude the application of 28 U.S.C. § 2415.

The cross-claims have no relationship to the plaintiff's claim against the United States. That claim has been settled and dismissed. [Filing #15]. The United States does not base its cross-claims against the defendants for any sum which it has paid to the plaintiff, or for any damages for which the United States may have been liable to the plaintiff had the matter been tried. The claim of the United States is independent of whether or not the United States might be liable to the plaintiff.

Thus the United States is *not*, in its cross-claims asserting a defense described in Stone v. White, 301 U.S. 532, 539, 57 S.Ct. 851, 854, 81 L.Ed. 1265 [1937] as a defense "comparable to an equitable recoupment or diminution of petitioners' right to recover." Neither is the United States seeking contribution or indemnity from the co-defendants. What the United States seeks is damages for its own vehicle and the claim must be regarded as an affirmative independent cause of action which is not in the nature of a defense as against the co-defendants.

Smith-Johnson Steamship Corp. v. United States, 231 F.Supp. 184, 186 [D. Del.1964] held that a cross-libel or counterclaim was barred by the statute of limitations stating:

"It is settled law that affirmative counterclaims may not be instituted after the applicable period of the statute of limitations has expired for the reason that such claims are regarded as independent causes of action."

Accord Nalley v. McClements, 295 F. Supp. 1357 [D.Del.1969].

The rule is stated in Wright, Law of Federal Courts [1970 2nd Ed.], pg. 351.

"A counterclaim that arises out of the transaction or occurrence on which the action is founded may be asserted for purposes of recoupment to prevent or reduce a judgment for plainitff, but affirmative relief will not be given on such a counterclaim."

 In this action cross-claims are involved rather than counterclaims. The foregoing rationale, however, applies with even stronger force to cross-claims. There is no element of waiver on the part of co-defendants because they have no control over whether or when the original action was to be commenced. See Wright & Miller, Federal Practice and Procedure, Vol. 6, § 1419 [1971].

Separate orders dismissing the cross-claims will be entered.