**Junia E. RAAB, Plaintiff-Appellant,**

v.

**TABER INSTRUMENT CORPORATION et al., Defendants-Appellees.**

**No. 35, Docket 76–7004.**

United States Court of Appeals, Second Circuit.

Argued Oct. 15, 1976.

Decided Dec. 13, 1976.

David E. Montgomery, Sacks, Montgomery, Molineaux & Pastore, New York City, Heffernan, Sweet & Murphy, Buffalo, N.Y., of counsel, David L. Sweet, Buffalo, N.Y., on the brief, for plaintiff-appellant.

Deanne C. Siemer, Buffalo, N.Y., Falk, Siemer, Glick, Tuppen & Maloney, Phillips,

Lytle, Hitchcock, Blaine & Huber, Hodgson, Russ, Andrews, Woods & Goodyear, and Brennan, Tesseyman, Zelman, Runfola & Brownstein, Buffalo, N.Y., of counsel, Robert M. Hitchcock, Victor T. Fuzak, and Ross L. Runfola, Buffalo, N.Y., on the brief, for defendants-appellees.

Before MOORE, ANDERSON and GURFEIN, Circuit Judges.

PER CURIAM:

Plaintiff, Junia E. Raab, appeals from (1) a judgment, dated November 25, 1975, dismissing his complaint for failure to prosecute in an action brought by him against Taber Instrument Corporation (TIC), Joseph P. D'Angelo, Benjamin Manasen, Warren J. Hildebrandt, Cindy R. Taber and Marine Midland Bank-Western, defendants-appellees; and (2) for an order entered upon the denial of a motion (March 7, 1976) to set aside the judgment of dismissal pursuant to Rule 60(b), F.R.Civ.P. The appeals have been consolidated for hearing.

The action (hereinafter referred to frequently as the *"Raab"* case) was, in brief, based upon Raab's claim that TIC on June 3, 1966 purchased his 600 shares of TIC stock for $8 a share ($4800), knowing, but failing to disclose, that serious negotiations were underway to sell TIC to Teledyne, Inc. for $50 a share.

Raab brought his action for rescission in May, 1967. At or about the same time, another stockholder, Joseph F. Less (Less) who had sold to TIC his 14,000 shares of TIC stock for $10 a share, brought suit for rescission. The differential between the amount received by Less and the Teledyne price was $40 a share or $560,000 for his 14,000 shares. Using comparable figures, and disregarding other factors, the Raab differential would have been $25,200. The same counsel represented both Raab and Less.

The two cases between May 8, 1967 (Less) and May 10, 1967 (Raab) and June 3, 1974 produced sundry depositions, notes of issue, calendar calls, pretrial conferences, etc. Obviously, the indignation which produced

the actions in 1967 had not been transmitted into any hurried desire of the respective plaintiffs to recoup their alleged losses by pressing for early trials. However, this lethargic state changed in the first half of 1974 when, as stated in the District Court's order of June 14, 1974:

"At the June 3, 1974 meeting of attorneys with the court, it was agreed by all counsel that the trial in the case of *Less v. Taber Instrument Corp. et al.,* Civil 1967–182, should proceed first and that the proceedings in the case of *Junia E. Raab v. Taber Instrument Corp., et al.,* Civil 1967–190, be deferred until after the *Less* trial."

In November 1974 the *Less* case was settled for $560,000 (apparently the difference between the $10 and $50 a share for the 14,000 shares) and on December 3, 1974 an order terminating the *Less* case was entered.

It was now in order for the *Raab* case to proceed. Settlement negotiations were recommenced without success. The court scheduled a pretrial conference for March 19, 1975 at which time the court allowed the defendants time for additional discovery—actually extended to August 1, 1975.

There can be no question that all counsel, parties and the court understood and acquiesced in the above time schedule. None of the grounds, now so vigorously asserted by the appellees as prejudicial, were advanced in opposition to the court's order of June 14, 1974 or to subsequent proceedings. However, shortly after the March 19, 1975 pretrial conference the purpose of which should have been to ascertain that all was in readiness for trial, appellees moved (April 29, 1975) to dismiss for want of prosecution despite the fact that pursuant to court direction discovery was supposedly underway. Arguments were had on this diversionary tactic and finally on November 25, 1975, by which time a trial on the merits could undoubtedly have been held, the court granted the motion to dismiss for failure to prosecute. In the opinion of the court the delay between 1967 and 1974 constituted a sufficient reason for its action. We disa-

gree. No matter what the reasons may have been for the parties' inaction for this unusually protracted period, there is no doubt that both court and counsel, by their own actions. from June 14, 1974 on, breathed new life into dormant cases.

The appellees now claim that because of the deaths of important potential witnesses (Taber, who died in February, 1973 and McDonough, who died in August, 1974) they have been seriously prejudiced by the delay. At the time of appellees' agreement with the order of June 14, 1974, Taber had no longer been available for over fifteen months, but his death was no obstacle to their agreement in the order, and McDonough's death in August, 1974 did not deter the parties from a continuance of trial preparations and settlement conferences for a year thereafter.

Insofar as the parties refer *in extenso* to the merits, the merits are not relevant to the single issue before us at this time. We merely hold that the judgment dismissing this action for want of prosecution should be reversed and the action restored to the trial calendar of the District Court. In view of this decision, it is unnecessary to act upon the appeal from the denial of appellant's motion under Rule 60(b).