Melvin APPELBAUM, Plaintiff,

v.

CERES LAND COMPANY, Haydock Land & Livestock Company, Seckler Company, Chilewich Sons & Company, Northwestern Mutual Life Insurance Company, Siron Corporation, Hugh R. Macklin, and Merle Levitt, Defendants.

No. 4–76–Civil 313.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 13, 1981.

**18**

Karla R. Wahl, Minneapolis, Minn., for defendant Merle Levitt.

Timothy R. Thornton, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for other defendants.

## MEMORANDUM ORDER

LARSON, District Judge.

Melvin Appelbaum filed this action seeking relief from alleged Federal securities law violations and pendent State securities law violations on July 20, 1976. On September 15, 1976, defendant Merle Levitt filed a crossclaim against his codefendants seeking indemnity of contribution in the event he was held liable for Appelbaum's complaint and seeking affirmative relief of the same type sought by Appelbaum. Appelbaum's claims against the other codefendants were eventually settled out of court and Levitt was dismissed as a defendant. Now, Levitt has begun to pursue his crossclaim.

Several motions are now before the Court. The codefendants who settled Appelbaum's claim (hereinafter "Ceres") have moved to dismiss Levitt's crossclaim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Ceres claims that the Federal and State securities claims must be dismissed because the statute of limitations had run at the time Levitt filed his crossclaim. Once the Federal claims are dismissed, Ceres claims, the pendent State law claims must be dismissed for want of jurisdiction. Ceres has also submitted to the Court a motion to dismiss under Rule 41(b) for failure to prosecute. Levitt, on the other hand, has moved for partial summary judgment under Rule 56. Levitt claims that this Court's finding of liability against Ceres for failure to register securities as required by Minnesota law in the similar case of *Barry and Swartz v. Ceres Land Company, et al.*, No. 4–74–Civil 250 (D.Minn. July 26, 1978), is controlling in this action.

This action is one of many lawsuits filed as a result of losses sustained by investors in cattle feeding operations during 1973–74. Investors were attracted to the cattle feeding operations primarily because of tax shelter advantages. In June 1978 the similar *Barry and Swartz* case was tried to this Court. Barry and Swartz had invested in Hallowell Pool V, the same cattle feeding operation as Appelbaum. Although the facts are not entirely clear, Levitt was an accountant for Appelbaum and apparently suggested that Appelbaum invest in Hallowell Pool V. As a result, Levitt was initially sued as a codefendant in this action. Levitt, however, also persuaded Appelbaum to finance Levitt's own investment in Hallowell Pool V, a loan which Levitt repaid sometime in 1974. Because of Levitt's similar investment, he filed this crossclaim seeking affirmative relief of the same type sought by Appelbaum.

Issues concerning the applicable statute of limitations form the basis for resolving the motions now before the Court. The Court will consider first the issue of which statutes of limitations are applicable to these claims. Levitt's first cause of action alleges oral misstatements and omissions to state material facts in connection with the sale of a security under § 12(2) of the Securities Exchange Act of 1933, 15 U.S.C. § 77*l* (2). The statute of limitations for such liability is found in 15 U.S.C. § 77m:

> "No action shall be maintained to enforce any liability created under section ... 77*l*(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, .... In no event shall any such action be brought to enforce a liability created ... under section 77*l*(2) ... more than three years after the sale."

There is, however, no Federal statute of limitations for the fraud statutes Ceres is alleged to have violated under Levitt's second cause of action. The count alleges fraud, misrepresentation, and omissions to state material facts in connection with interstate sale of securities, in violation of § 17(a) of the Securities Exchange Act of 1933, 15 U.S.C. § 77q(a), and in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.-10b–5.

■ The familiar rule in cases in which the Federal legislation is silent on the statute of limitations is that the court must apply the period of limitations set by the forum State. *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966); *Vanderboom v. Sexton*, 422 F.2d 1233, 1237 (8th Cir.), *cert. den.* 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). Stating that the basic standard for determining *which* local statute of limitations applies is the "one which best effectuates the federal policy at issue," *Vanderboom, supra*, at 1237 (quoting *Charney v. Thomas*, 372 F.2d 97, 100 (6th Cir. 1967)), the Eighth Circuit went on to decide that it was "appropriate to look to the local statute which bears the closest resemblance to the federal statute involved." *Vanderboom, supra*, at 1237–38. In *Bailey v. Piper, Jaffray & Hopwood*, 414 F.Supp. 475, 479 (D.Minn.1976), Judge Alsop correctly found that Minn.Stat. § 80A.01 is "almost identical" to Rule 10b–5. Minn. Stat. § 80A.23 subd. 7 establishes a three-year limitations period for all violations of the Minnesota Blue Sky law, including § 80A.01. *See also Morris v. Stifel, Nicolaus & Co., Inc.*, 600 F.2d 139, 146 (8th Cir. 1979) (Missouri Blue Sky Law bears closer resemblance to federal securities fraud statutes than does common-law fraud action).

Levitt urges the Court to find that a common law fraud action bears a closer resemblance to a Federal securities fraud cause of action than does the Minnesota Blue Sky law. The statute of limitations for common law fraud in Minnesota is six years. *See* Minn.Stat. § 541.05(6). While it is true that the earlier case of *Klapmeier v. Peat, Marwick, Mitchell & Co.*, 363 F.Supp. 1212 (D.Minn.1973), applied the six-year period of Minn.Stat. § 541.05(6) to a Federal Rule 10b–5 action, that holding cannot be followed after the Supreme Court decision in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). *See Bailey, supra*, at 478–79. *Ernst & Ernst* found that scienter was required under Rule 10b–5. *Klapmeier* had relied primarily on the fact that scienter was *not* required under both Rule 10b–5 and the Minnesota common law fraud action. Now, scienter is required under Rule 10b–5 and the Minnesota Blue Sky law, but not under common law fraud actions. The Court is in full agreement with the *Bailey* decision that the *Klapmeier* comparison is no longer a valid one. Moreover,

> "[s]tate and federal securities laws focused on achieving substantially the same end share a distinct purpose much more narrow than the broad law of fraud and much more congruent." *Morris, supra*, 600 F.2d at 144.

Levitt also claims that, irrespective of the fact that the new Minnesota Blue Sky law is almost identical to Rule 10b–5, the law was not in effect at the time of the activities involved in this lawsuit and, therefore, the old statute is applicable. *See* Minn.Stat. §§ 80.01, 80.26 (repealed). The common law fraud action, Levitt claims, bears a closer resemblance to Rule 10b–5 than does the old Blue Sky law. This Court, however, has already determined that the new Minnesota Blue Sky law applies to the Hallowell Pool V investment. *Barry and Swartz, supra,* slip op. at 15. Levitt has alleged no additional facts which make his case different from that of Barry and Swartz in this regard. Furthermore, even if the old Blue Sky law were to apply instead, *Bailey* found that the old law, with its three-year limitation period, more closely resembles the Federal cause of action than does common law fraud. The Court finds that the new Minnesota Blue Sky law covers Levitt's lawsuit and that a three-year statute of limitations is thus applicable to his Federal securities fraud claims.

Levitt's third and fourth causes of action allege a failure to register securities as required by the Minnesota Blue Sky law. *See* Minn.Stat. §§ 80A.08, 80A.16. Levitt's fifth cause of action is a State securities fraud claim brought under Minn.Stat. 80A.01. Since the new Blue Sky law applies to Levitt's State law claims, *see Barry and Swartz, supra,* at 15, the three-year statute of limitations is controlling. Minn. Stat. § 80A.23 subd. 7.

By their express terms, each of the three-year statutes of limitations begin to run on the date of the sale upon which the action is based. *See* Minn.Stat. § 80A.23 subd. 7; 15 U.S.C. § 77m. The Court found in *Barry and Swartz* that the Hallowell Pool V investments were completed and the interests sold on or about August 1, 1973, *Barry and Swartz, supra,* at 4. Since Levitt has not alleged any significant facts which distinguish his purchase from that of Appelbaum, Barry, and Swartz, and he invested in the same cattle feeding pool, the Court finds that the respective statutes of limitations began to run on August 1, 1973.

Levitt claims, however, that even if the three-year limitations period began to run on August 1, 1973, his crossclaim was timely because it related back to the date that Appelbaum filed his complaint, July 20, 1976. In other words, Levitt claims that the filing of the original complaint tolled the statute of limitations for the purposes of his crossclaim. Generally, this issue is resolved by Federal common law in actions based upon Federal question jurisdiction, and by State law when the cause of action is based upon a State statute. 3 J. Moore, *Federal Practice* ¶ 13.11 at 13–247 (1980). Although most of the decisions concerning this relation back issue involve counterclaims, the rationale of those decisions is equally applicable to crossclaims. *Ash v. United States,* 363 F.Supp. 345, 346 (D.Neb. 1973). For the purposes of the relation back doctrine, courts have distinguished between counterclaims and crossclaims that seek to somehow reduce the amount a plaintiff can recover, such as by recoupment, contribution, or indemnity, and claims that seek affirmative relief through an independent action. Defensive claims generally relate back, while affirmative claims must satisfy the applicable statute of limitations. *See Basham v. Finance America Corp.,* 583 F.2d 918, 927 (7th Cir. 1978), *cert. den.,* 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979) ("Where a counterclaim seeks to assert a separate cause of action for an independent wrong, it generally may not be instituted after the applicable statute of limitations has expired.") (applying federal common law); *Ash v. United States, supra,* at 346 (affirmative crossclaim barred by statute of limitations). *See generally,* 3 J. Moore, *Federal Practice* ¶ 13.11 (1980), and cases cited therein; Wright, *Law of Federal Courts* at 394 (3d ed. 1976). Although the Minnesota Supreme Court has not held directly on this issue, the Court is not persuaded that the Supreme Court would find Minnesota law to be different from Federal common law in this regard. *See Household Finance Corp. v. Pugh,* 288 N.W.2d 701 (Minn.1980) (court allows recoupment defense to relate back and distinguished set-

off). Some courts have permitted affirmative counterclaims to be filed after the statute of limitations has run when the original claim is not time-barred under a theory that the original claimants have waived any statute of limitations defense to a counterclaim by filing their claim. *See* 6 Wright & Miller, *Federal Practice & Procedure* § 1419 (1971). Such considerations, however, are not present when a crossclaim is involved. *Ash v. United States, supra,* at 347.

The Court is of the opinion that while Levitt's indemnity and contribution claim does relate back to the date of the filing of Appelbaum's complaint, Levitt's claim for the same type of recovery as Appelbaum is a claim for affirmative relief that cannot relate back. *See Ash, supra,* at 347. Even though Levitt's affirmative claim is based on similar transactions and occurrences as Appelbaum's, it is indeed an independent claim that would have been time-barred had Levitt filed a separate action. Under such circumstances, the Court cannot allow the statute to be tolled.

Levitt also argues, however, that his claims that are based on fraud are subject to the Federal equitable tolling doctrine. With this argument, the Court is inclined to agree. An action brought under Federal law, even if subject to a State statute of limitations, is subject to the Federal tolling doctrine. *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). The standard set forth in *Holmberg* continues to be utilized by Federal courts.

> " . . . [W]here a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence on his part, the bar of the statute does not begin to run until the fraud is discovered though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from knowledge of the other party.' " *Holmberg, supra,* at 397, 66 S.Ct. at 585, quoting *Bailey v. Glover,* 21 Wall (U.S.) 342, 22 L.Ed. 636 (1875).

*See also Vanderboom, supra,* 422 F.2d at 1240 (" . . . in cases involving elements of fraud neither a statute of limitations nor the equitable doctrine of laches can be said to begin to run until the fraud is or should have been discovered.") (Rule 10b–5 action); *Bailey, supra,* 414 F.Supp. at 484 (federal securities fraud action). Levitt claims that he did not discover the fraud alleged in this case until he was served with Appelbaum's complaint on August 2, 1976. Granting him the benefit of the doubt, the Court finds that the equitable tolling doctrine is applicable to Levitt's claims that allege elements of fraud.

The equitable tolling doctrine, however, cannot be applied to Levitt's State law claims which allege a failure to register the securities. Elements of fraud are not present in these claims. In addition, fraudulent concealment is not alleged and the Court sees no basis for a fraudulent concealment claim on the failure to register issue. *See Ingenito v. Bermec Corp.,* 441 F.Supp. 525, 553 n.6 (S.D.N.Y.1977).

Ceres claims that the Court's finding in *Barry and Swartz* that Ceres was not liable for fraud is binding on this case and thus the equitable tolling doctrine cannot be applied in the absence of fraud. While the Court may indeed find that there was no fraud involved in this case, like in *Barry and Swartz,* the fraud finding in that case is not binding at this time. Oral misrepresentations are alleged and Levitt may have been handled differently than Barry and Swartz. Although Levitt has not alleged specific acts of fraud that would make his claim different than that of Barry and Swartz, he is entitled to discovery on this issue.

Ceres has also moved to dismiss this action under Rule 41(b) for failure to prosecute. Dismissal with prejudice for failure to prosecute is "a drastic sanction which should be sparingly exercised." *Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 96 (8th Cir. 1971) (quoted in *Navarro v. Chief of Police, Des Moines, Iowa,* 523 F.2d 214, 217 (8th Cir. 1975)). Such a remedy should be granted only in cases in which there is a "clear pattern of delay or contu-

macious conduct" by the plaintiff. *Navarro, supra*, at 217–18. *See also* 9 Wright & Miller, *Federal Practice & Procedure* § 2369 (1971). The facts of this case certainly do not suggest such a record of delay or conduct on the part of Levitt. Furthermore, Levitt is now prosecuting the claim with diligence. It would be inappropriate for the Court to grant Ceres' motion at this time. 9 Wright & Miller, *supra*, § 2370 at 204 (1971); *Raab v. Taber Instrument Corp.*, 546 F.2d 522, 524 (2d Cir. 1976), *cert. den.*, 431 U.S. 915, 97 S.Ct. 2177, 53 L.Ed.2d 225 (1977).

Levitt has moved the Court to grant partial summary judgment in his favor on the issue of failure to register securities as required by Minnesota law. Since the Court has found that this claim is barred by the statute of limitations, Levitt's motion must be denied.

IT IS ORDERED THAT:

1. Ceres' motion to dismiss Levitt's crossclaim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted be, and hereby is, granted on the claims-counts three and four of Appelbaum's complaint—of failure to register securities as required by Minnesota law.

2. Ceres' motion to dismiss Levitt's crossclaim under Rule 12(b)(6) with respect to Levitt's claims alleging fraud and misrepresentation—counts one, two, and five of Appelbaum's complaint—be, and hereby is, denied.

3. Ceres' motion to dismiss Levitt's crossclaim under Rule 41(b) for failure to prosecute be, and hereby is, denied.

4. Levitt's motion for partial summary judgment be, and hereby is, denied.

5. The Order of this Court dated September 15, 1980, granting Ceres an enlargement of time in which to respond to Levitt's discovery requests be, and hereby is, vacated. Ceres must respond by April 1, 1981.