815 P.2d 437

Chuck **FREIBERGER**, Carol Nelson, and Jerry Woodman, Plaintiffs,

v.

**AMERICAN TRITICALE, INC.**, an Idaho Corporation; J.R. Simplot Company, a Nevada Corporation; and Simplot Livestock Company, a Nevada Corporation, Defendants.

**AMERICAN TRITICALE, INC.**, an Idaho Corporation, Cross Claimant–Appellant,

v.

**J.R. SIMPLOT COMPANY**, a Nevada Corporation, and Simplot Livestock Company, a Nevada Corporation, Cross Defendants–Respondents.

No. 17998.

Supreme Court of Idaho, Boise, January 1991 Term.

July 29, 1991.

240

William T. Sali, Meridian, for plaintiffs.

Hawley, Troxell, Ennis & Hawley, Boise, for defendants. Karen L. Lansing, argued.

1991 OPINION NO. 46, FILED APRIL 4, 1991, IS HEREBY WITHDRAWN AND THIS OPINION IS SUBSTITUTED THEREFOR.

McDEVITT, Justice.

This action arises from a series of business dealings between the parties. J.R. Simplot Company (Simplot) purchased large quantities of grain from American Triticale, Inc. (ATI) under both purchase order and long term contracts. ATI rented several large buildings from Simplot. In 1975, these dealings became troublesome. Because of cash flow problems, ATI was unable to pay certain farmers in the Burley area who became the original plaintiffs in this action. They sued ATI and the warehousemen who stored the grain locally and a writ of attachment was issued on their grain. As a resolution of that complaint, ATI entered into a stipulation with the farmers to sell the grain to Simplot under the contracts and ATI would instruct Simplot to pay the farmers directly. This stipulation was the basis for a court order extinguishing the sheriff's attachment. After ATI delivered the grain, Simplot refused to pay either ATI or the farmers. Claiming that ATI had delivered the grain under contract, Simplot based their refusal to pay on a claimed set-off against ATI which arose from prior business dealings. The record reflects Simplot was not a party to the stipulation between the farmers and ATI and apparently was not aware of the stipulation. The farmers then filed a claim against both ATI and Simplot in September of 1977, however, the plaintiffs did not serve the complaint on ATI until 1979. ATI then filed its answer and cross-claim against Simplot, alleging breach of contract for the sale of grain, conversion, and tortious interference with business relationships. ATI later filed an amended cross-claim and added claims for antitrust violations and breach of express and implied contracts.

The district court granted summary judgment on several counts of the cross-claim against Simplot, and these are the issues on appeal before us:

I. Count Two—Conversion—dismissed because precluded by the statute of limitations.

II. Count Four—Antitrust—dismissed as improper subject matter for a cross-claim and not permitted.

III. Count Five—Breach of Contract—dismissed because of it was precluded by the statute of limitations.

The district court has retained jurisdiction of the remaining amount in dispute in count one. Count three was not raised as an issue in this appeal.

## I. COUNT TWO—CONVERSION

Count two is a claim for conversion. The district court ruled that this count was barred by the statute of limitations. Here, it is important to look at the chronology of events:

Conversion allegedly occurred—January 21, 1975

Plaintiffs' complaint filed—September 7, 1977

Simplot's answer filed—January 17, 1978

ATI's cross-claim filed—December 21, 1979

Simplot's answer to cross-claim filed—December 19, 1983

Amended cross-claim filed—August 28, 1984

Amended answer to cross-claim filed—January 27, 1987

A cause of action for conversion accrues as soon as the property is wrongfully taken or retained. *Davidson v. Davidson,* 68 Idaho 58, 63, 188 P.2d 329, 334 (1947); *Havird v. Lung,* 19 Idaho 790, 115 P. 930 (1911). The parties agree that the conversion took place on January 21, 1975. The applicable statute of limitations for conversions is three years. I.C. § 5-218. Thus, the cut off date for this claim was January 21, 1978. ATI's cross-claim was not filed until December of 1979, almost five years after the date of the alleged conversion. The district court ruled that count two was barred by the statute of limitations. We agree.

ATI asserts that the doctrine of relation back under I.R.C.P. 15(c) saves this claim from being time barred because their amended cross-claim should relate back to

Simplot's answer in the original action. The crucial language in the rule provides:

Rule 15(c). **Relation back of amendments.**—Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading....

Under this rule, it is correct that ATI's amended cross-claim could relate back to their original cross-claim, but it may not, as they contend, relate back to Simplot's answer to the plaintiff farmers' complaint. Obviously, relation back to Simplot's answer is more attractive to ATI because it would save this claim from preclusion by the statute of limitations cut-off with four days to spare, whereas relation back to the original cross-claim will not save the conversion action from the statute of limitations.

Rule 15(c) does not allow one party's pleading to relate back to a different party's pleadings. We are unable to find any Idaho cases that address this precise issue. However, other courts have considered this matter and have ruled likewise. In *United States for Bros. Builders Supply v. Old World Artisans,* 702 F.Supp. 1561 (N.D.Ga. 1988), the court stated:

In determining whether a cross-claim may relate back to the date of the original complaint, the federal courts distinguish between those wherein the defendant seeks to reduce the amount a plaintiff can recover, such as by recoupment, contribution, or indemnity, and those wherein the defendant is seeking affirmative relief. Where the claim of the defendant is an affirmative independent cause of action not in the nature of a defensive claim, the defendant must comply with the applicable statute of limitations.

\*   \*   \*   \*   \*   \*

As noted by the court in *Applebaum,* most of the decisions involving this rule have examined counterclaims rather than cross-claims. Nevertheless, as held in *Ash v. United States,* 363 F.Supp. 345,

**242**

346 (D.Neb.1973), the rationale for the rule has even stronger force with regard to cross-claims....

*Id.* 702 F.Supp. at 1569 (citations omitted). *See also Applebaum v. Ceres Land Co.,* 546 F.Supp. 17 (D.Minn.1981); *Ash v. United States,* 363 F.Supp. 345 (1973).

Because Idaho Rule of Civil Procedure 15(c) is based on the federal rule, we find this argument persuasive.

ATI's cross-claim against Simplot is not asserted as a defense, but as an independent cause of action. ATI seeks damages from Simplot because Simplot "willfully and maliciously and intentionally converted the grain." An independent cause of action must comply with the statute of limitations, therefore, the doctrine of relation back does not save count two; it is time barred.

## II. COUNT FOUR—ANTITRUST

■ Count four alleges antitrust violations of I.C. §§ 48–101, 48–102, and 48–104, on the part of Simplot. Specifically, ATI alleges that Simplot "conspired and combined for the purpose of restraining ATI's trade in Triticale and further acted so as to drive ATI out of business ..." and that Simplot "attempted and intended and conspired to monopolize the production and marketing of Triticale grain in Idaho and elsewhere in the United States." ATI argues that these violations arose out of the same transaction and occurrence as the plaintiff farmers' original complaint concerning the 1975 sale of grain. ATI further argues that Simplot defined the action to include antitrust violations when it claimed a set-off against ATI, thereby drawing into question all transactions between ATI and Simplot. The district court dismissed this count under I.R.C.P. 13(g), ruling that it did not possess a logical relationship to the original cause of action, as required by the rule. We affirm that decision.

The plaintiffs' complaint for breach of contract for the sale of grain does not give rise to a claim for antitrust violations. If that were not so, every contract action would be subject to broad, sweeping claims of every imaginable type of allegation. Antitrust violations raise issues of fact and law not contemplated by the original action concerning Simplot's refusal to pay. The mere fact that ATI and Simplot are both parties to this suit does not automatically bring into question each and every transaction between the parties as well as the defendant's business practices and motives.

The relevant part of I.R.C.P. 13(g) states:

A pleading may state as a cross-claim any claim by one party against a co-party *arising out of the transaction or occurrence that is the subject matter either of the original action* or of a counterclaim therein.... (Emphasis added.)

The federal courts construe this test as asking whether the cross-claim bears a logical relationship to the main action; that is, whether the cross-claim involves many of the same factual and legal issues present in the main action. *See* C. Wright & A. Miller, *Federal Practice and Procedure* § 1432, p. 244 (1990). That test is not met here.

## III. COUNT FIVE—BREACH OF EXPRESS AND IMPLIED CONTRACTS

Count five is a claim for breach of express and implied contracts entered into on February 11, 1974 and October 24, 1974. It was dismissed by the district court because it was barred by the statute of limitations.

Written contracts are subject to a five year statute of limitations. I.C. § 5–216. Oral or implied contracts have a four year statute of limitations. I.C. § 5–217. This claim was first raised in ATI's supplement to cross-claim filed on February 16, 1982.

ATI asserts the relation back doctrine of I.R.C.P. 15(c) should apply to this claim as well. We reject that argument in this context for the same reasons set forth in our discussion of Count two. Because this claim was asserted more than seven years after the cause of action accrued, it is barred by the applicable statute of limitations.

## IV. WAIVER OF DEFENSE

■ ATI asserts that because Simplot did not specify which code sections were applicable when raising the defense of the statute of limitations in their answer to the cross-claim, they therefore waived the defense. There are two problems with that argument.

First, it is correct that Simplot did not specify which code sections they were relying on in their original answer. However, in the amended answer they corrected that deficiency. When a pleading is amended, it takes the place of the original pleading. *W.L. Scott v. Madras Aerotech*, 103 Idaho 736, 653 P.2d 791 (1982); *Billings v. Sisters of Mercy of Idaho*, 86 Idaho 485, 389 P.2d 224 (1964); *Casady v. Scott*, 40 Idaho 137, 237 P. 415 (1924); *Andrews v. Moore*, 14 Idaho 465, 94 P. 579 (1908).

Secondly, ATI never raised this issue of waiver in the court below. It is not contained in their cross-claim or in their amended cross-claim. It is well settled that "issues not raised below and presented for the first time on appeal will not be considered or reviewed." *Sandpoint Convalescent v. Dept. of Health*, 114 Idaho 281, 756 P.2d 398 (1988); *Baldner v. Bennett's*, 103 Idaho 458, 649 P.2d 1214 (1982).

Therefore, Simplot's defense of the statute of limitations is valid.

## V. ATTORNEY FEES

■ Idaho Code § 12–120 dictates when attorney fees will be allowed in civil actions. The pertinent part states:

> (3) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs....

> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes....

This Court has interpreted I.C. § 12–120(3) to apply as follows:

> [T]o recover attorney fees under the statute, the action must be one to recover on the contract, not merely an action arising from a transaction relating to the purchase or sale of goods. *Chenery v. Agri–Lines Corp.*, 106 Idaho 687, 690, 682 P.2d 640, 643 ([Ct.App.] 1984); *cf., Idaho–Best, Inc. v. First Security Bank of Idaho*, 99 Idaho 517, 584 P.2d 1242 (1978).

*Day v. CIBA Geigy Corp.*, 115 Idaho 1015, 1018, 772 P.2d 222, 225 (1989).

This Court reviewed the existing case law regarding when an award of attorney fees is justified in a commercial transaction in *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 792 P.2d 345 (1990):

> [T]he award of attorney's fees is not warranted every time a commercial transaction is remotely connected with the case. Rather, the test is whether the commercial transaction comprises the gravamen of the lawsuit. Attorney's fees are not appropriate under I.C. § 12–120(3) unless the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover. To hold otherwise would be to convert the award of attorney's fees from an exceptional remedy justified only by statutory authority to a matter of right in virtually every lawsuit filed.

*Brower*, 117 Idaho at 784, 792 P.2d at 349.

The subject matter of this lawsuit falls under the definition of a "commercial transaction" as defined by I.C. § 12–120(3) and as defined further by our case law. The original action related to the purchase of grain, and was an effort to recover on a "contract relating to the purchase or sale of goods ..." thereby meeting the test set out above. ATI's other claims were also based on conduct allegedly occurring during contractual and commercial transactions between it and Simplot. Simplot is the prevailing party, and is therefore entitled to reasonable attorney fees.

Costs to respondents.

BAKES, C.J., and JOHNSON and BOYLE, JJ., concur.

**244**

BISTLINE, Justice, concurring in part and dissenting in part.

## I.

The majority opinion correctly recognizes that ATI could have filed an action against Simplot before the applicable statute of limitations had run. Instead, ATI waited, to its peril. On this ground I concur with the majority opinion's determination of the appeal.

## II.

In my dissent from the award of fees, as stated before, I continue "to adhere to the assertions of Donaldson, J. and Bistline, J. in *Minnich v. Gem State Developers, Inc.*, 99 Idaho 911, 919, 591 P.2d 1078, 1086 (1979), that this Court has neither inherent nor statutory authority to award attorney fees on appeals...." *Lowery v. Bd. of County Com'rs*, 117 Idaho 1079, 1082, 793 P.2d 1251, 1254 (1990) (Bistline, J. specially concurring). Furthermore, this Court had begun to restrict the award of fees on appeal. *See Brower v. DuPont De Nemours & Co.*, 117 Idaho 780, 792 P.2d 345 (1990). Today's majority opinion may unfortunately be the beginning of the reversal of that welcome trend. This is not to suggest that a *contract clause* awarding fees to the prevailing party can be disregarded. Even where it was inserted in a bargained contract so as to favor only one of the parties, it has been the basis for an award.

In that regard, recollection has it that Montana has developed case law which provides that a unilateral fees provision in a contract which favors only one party nevertheless will be construed to equally favor the other as well, depending only on who, if anyone, is the prevailing party. That philosophy in my view is soundly principled and should operate to diminish the overreaching which may take place where the parties to an agreement have not been on equal footing.