# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49722

| | |
|---|---|
| TIMOTHY HAROLD WATERMAN, | ) |
| | ) Filed: July 5, 2024 |
| Petitioner-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment and order summarily dismissing the amended petition for post-conviction relief, <u>affirmed</u>.

Timothy Harold Waterman, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Timothy Harold Waterman appeals from the district court's final judgment summarily dismissing his amended petition for post-conviction relief. Waterman argues the district court erred by summarily dismissing his petition because his petition raised a genuine issue of material fact as to his claims. He also argues the district court erred in denying his pro se motion for the appointment of conflict counsel. Finally, Waterman asserts he was not provided with adequate notice of the bases for dismissal on some of his claims. The judgment and order summarily dismissing Waterman's amended petition for post-conviction relief is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Waterman pleaded guilty to two counts of injury to a child, Idaho Code § 18-1508. He was sentenced to two consecutive unified sentences of ten years, with five years determinate.

1

Waterman appealed and the judgment of conviction and order denying his Idaho Criminal Rule 35 motion were affirmed. *State v. Waterman*, Docket No. 46983 (Ct. App. Mar. 13, 2020) (unpublished).

Thereafter, Waterman filed a pro se petition for post-conviction relief. In the petition, Waterman alleged various claims, including two claims of ineffective assistance of counsel. The only evidence submitted in support of the petition was Waterman's affidavit. Waterman moved for, and was appointed, counsel. Post-conviction counsel sought, and was granted, leave to amend the petition. The amended petition alleged three claims:

1. Waterman's constitutional rights were violated at the sentencing hearing because the trial court used an inaccurate presentence investigation report and the State made inaccurate statements to the trial court;

2. The prosecutor violated Waterman's constitutional rights by threatening to charge Waterman's wife and thereby coercing Waterman to plead guilty; and

3. Trial counsel was ineffective for neglecting to highlight evidence favorable to Waterman at sentencing; namely, the dermatology report and the video Waterman created in support of quashing the no contact order. Trial counsel also focused on negative facts about Waterman during sentencing to the exclusion of other mitigating evidence.

The amended petition did not incorporate by reference the original petition or Waterman's original affidavit. No evidence was submitted in support of the amended petition.

The State filed an answer and a motion for summary dismissal. In the motion for summary dismissal, the State argued that Waterman failed to provide any evidentiary support for any of the claims and, as such, the claims failed as a matter of law. Post-conviction counsel filed a response, conceding that Claim 1 was not supported by any evidence but the other two claims were sufficiently supported to avoid summary dismissal. Waterman, although still represented by counsel, filed a series of pro se pleadings with the district court, including a motion and affidavit for conflict counsel.

The district court held a hearing on the State's motion for summary dismissal and Waterman's pro se filings. The district court noted that, because Waterman was represented, his pro se motions were not "proper" but, nonetheless, addressed them on the merits. The district court denied Waterman's motion for conflict counsel and granted the State's motion for summary dismissal. The district court dismissed all three claims on the basis that none of the claims were supported by admissible evidence. As to Claim 1, the district court also found that post-conviction

counsel conceded the claim was not supported by admissible evidence and, alternatively, the claim could have been raised on direct appeal. Waterman timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Waterman asserts various claims on appeal, some of which were not contained in the amended petition or raised in the district court. The State contends all the claims are unsupported by admissible evidence and are mere conclusory assertions. The State further argues that Waterman's claims failed to state a claim upon which relief could be granted, presented no genuine issues of material fact, and failed to present a prima facie case of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The State contends the district court correctly dismissed the amended petition in its entirety.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In

other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Before reaching the merits of the case, there are a few preliminary matters to address. First, Waterman cites federal law in support of his argument that pro se litigants are held to a less stringent standard than attorneys. Idaho precedent has repeatedly held that pro se litigants are held to the same standard as attorneys. *Ward v. State*, 166 Idaho 330, 332, 458 P.3d 199, 201 (2020).

4

Notwithstanding any federal holdings, on matters of Idaho law in Idaho state court, Waterman is held to the same standard as an attorney vis-à-vis his filings.

Next, we address which issues are properly before this Court. In his appellant's brief, Waterman raises numerous issues and makes various arguments. However, most of those issues and arguments were not raised in the amended petition for post-conviction relief or presented to the district court. This Court will not address issues not raised in the petition for post-conviction relief and argued in the district court. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (holding generally issues not raised below may not be considered for first time on appeal).

Once an individual files a petition for post-conviction relief, he may, under certain conditions, file an amended petition under Idaho Rule of Civil Procedure 15, but the amended petition takes the place of all prior petitions. *See Allied Bail Bonds, Inc. v. Cnty. of Kootenai*, 151 Idaho 405, 411, 258 P.3d 340, 346 (2011); *see also Freiberger v. Am. Triticale, Inc.*, 120 Idaho 239, 243, 815 P.2d 437, 441 (1991). As such, an amended petition supersedes prior petitions and represents the substance of petitioner's claims "entirely and exclusively," such that all subsequent pleadings must be based upon the contents of the amended petition. *See Allied*, 151 Idaho at 411, 258 P.3d at 346.

Idaho Code § 19-4903 requires that "affidavits, records, or other evidence supporting" the allegations in the petition "shall be attached to the application or the application shall recite why they are not attached." Waterman did not attach any documents to his amended petition for post-conviction relief or explain why they were not attached. The amended petition did not include or incorporate by reference the original petition or the affidavit attached thereto. Waterman did not request that the district court take judicial notice of any documentation in relation to his amended petition, and the district court was not required to examine attachments to a petition that was superseded.

Waterman argues that his "complaint was sworn to and notarized and contains specific facts, including the sworn statement of [] Waterman in this case." Waterman further argues that the factual allegations related to some of his claims were initially presented in his initial petition. Even if that is true, the affidavit was not incorporated into the amended petition. As a result, none of the information in that affidavit was before the district court for consideration as part of Waterman's amended petition and may not be considered by this Court.

On appeal, Waterman also cites to numerous documents as support for his claims but none of those documents are in the record. This Court's review is limited to the appellate record, and we decline to consider items outside the record. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010); *see also* I.A.R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and the record relied upon."). To the extent Waterman relies on documents not included in the record, we decline to consider them.[1]

Waterman makes two unpersuasive arguments relating to what he believes are the State's obligations in a post-conviction case. First, he argues it was the State's obligation to provide the material to support his claim. A similar argument was made to and rejected by the Idaho Supreme Court in *Rodriquez v. State*, 171 Idaho 634, 643, 524 P.3d 913, 922 (2023). There, the Supreme Court reasoned:

> In a related matter, Rodriquez claims that the State failed to provide portions of the record material to questions he raised in his petition. Rodriquez cites *Roman v. State* to support the proposition that the petitioner is not responsible for any missing portion of the record. However, *Roman* actually reached the opposite result:
>
> > If the state does not file all relevant portions of the transcript in compliance with this statute, the applicant may, by motion to the court, compel the state to do so. However, we do not view this statute as relieving an applicant of the consequence of failing to place in evidence a transcript essential to prove the applicant's claim where, as here, the applicant made no effort to compel action by the state or to otherwise arrange for the filing of the transcript.

*Rodriquez*, 171 Idaho at 643, 524 P.3d at 922.

Second, Waterman argues that because the State did not rebut any of his factual allegations, they must be accepted as true. That is incorrect. Any factual allegations must be supported by admissible evidence, otherwise, those statements are just bare and conclusory, which the district court is not required to accept. *See Roman*, 125 Idaho at 647, 873 P.2d at 901 (noting even when State has not directly controverted factual allegations in post-conviction petition with affidavits or depositions, petitioner's conclusory allegations, unsubstantiated by any admissible evidence, need

---

[1]     In its brief, the State argues we should not consider the attachments to Waterman's opening brief. The Idaho Supreme Court granted the State's motion to strike the attachments to Waterman's appellant's brief and a substitute brief was filed. Consequently, we need not further address the State's arguments on this issue.

not be accepted as true). Because many of Waterman's claims are not supported by admissible evidence in the record, the claims were subject to dismissal. Additionally, because no admissible evidence was presented in the district court, there are no factual assertions for this Court to accept as true. Thus, this Court's review is limited to the three claims set forth in the amended petition for post-conviction relief and the record on appeal.[2]

After Waterman filed his amended petition, the State filed a motion for summary dismissal, noting that all claims were bare and conclusory and unsubstantiated by any evidence. Waterman responded and conceded in his response to the State's motion for summary dismissal that the first claim in the amended petition was unsupported by evidence but argued the other claims had adequate factual support. Waterman, although represented by counsel, subsequently filed several pro se documents.

The district court held a hearing on the State's motion for summary dismissal and Waterman's pro se filings. At that hearing, the State referenced its motion for summary dismissal and reiterated those same reasons Waterman's amended petition should be dismissed. The State's motion for summary dismissal argued that none of Waterman's claims were supported by admissible evidence. For example, as to Claim 1, the State argued that "Petitioner has failed to provide any evidence of errors in the PSI or explain how this affected the sentencing," and "petitioner has failed to provide any evidence of untrue statements or explain how this affected the sentencing." As to both parts of Claim 1, the State argued that Waterman's claims were nothing more than "bare conclusory allegations unsubstantiated by fact." As to Claim 2, the State asserted:

> [T]he Petitioner has failed to provide any evidence of a supposed phone call between his attorney and the prosecutor or explain how this affected anything in the case. Petitioner has failed to demonstrate anything other than bare conclusory allegations unsubstantiated by fact.

As to Claim 3, the State argued the claim as it related to the video was belied by the record, as the district court considered the video and that Waterman failed to show "how this would have changed anything at the sentencing or how he was prejudiced by this in any way." The State

---

[2] Waterman makes several claims regarding alleged ineffective assistance of his post-conviction counsel. Waterman has neither asserted, nor is he entitled, to relief from the district court's judgment under a claim of ineffective assistance of post-conviction counsel. There is no right to the effective assistance of post-conviction counsel. *Murphy v. State*, 156 Idaho 389, 394, 327 P.3d 365, 370 (2014). We will not address these claims.

further asserted that Waterman's claim that his attorney focused on negative information was nothing more than a bare conclusory allegation unsubstantiated by fact. The State argued that Waterman failed to establish either prong of the *Strickland* standard because he failed to provide factual support that his attorney rendered deficient performance and that Waterman suffered prejudice as a result of the purported deficient performance. More generally, the State argued that, as to all claims, Waterman failed to allege a genuine issue of material fact because all of his claims were unsubstantiated by any facts.

Following the hearing, the district court issued an order denying post-conviction relief. The district court dismissed all of Waterman's claims because either there was no admissible evidence submitted or there was insufficient evidence submitted to support the claim. As to Claim 1, the district court noted that, not only did post-conviction counsel concede the claim was unsupported by admissible evidence, Waterman also did not specify what the inaccuracies were in the PSI or "provide any testimony through affidavit, testimony or otherwise to support his claim." The district court noted as an alternative ground that the claim could have been raised on direct appeal.

As to Claim 2, the district court noted that although Waterman's amended petition for post-conviction relief contained "an alleged fact," at the hearing on the State's motion for summary dismissal, the State argued the "fact" was merely a conclusory statement because there was no evidence that the State knew Waterman was listening to the phone call between his counsel and the State or how that eavesdropping resulted in a threat, or coerced or forced Waterman to plead guilty. Waterman presented no additional evidence. Consequently, the district court concluded that Waterman "has not submitted sufficient evidence--whether included in the application, affidavits, or other evidence" supporting the claim.

As to Claim 3, the district court found that Waterman, through the sworn affidavit (presumably the one submitted with the initial petition but not incorporated by reference into the amended petition) could, if proven true, satisfy the *Strickland* prongs of deficient performance and prejudice. However, at the hearing, the State argued the claim was merely conclusory and belied by the record because the district court did review the video and highlight Waterman's lack of criminal history. The district court found that "[n]owhere in Petitioner's Application or Affidavit are facts or evidence supporting that petitioner's prior counsel did not meet the objective standards

8

of competence." The district court held that "Petitioner has not submitted sufficient evidence--whether included in the application, affidavits, or other evidence--supporting the alleged facts."

The record supports the district court's order dismissing Waterman's amended petition for post-conviction relief. Waterman submitted no admissible evidence with his amended petition; thus, as a matter of law, he failed to establish a genuine issue of material fact as to any of the claims. The district court did not err in concluding there was no admissible evidence in support of any of the three claims alleged in the amended petition for post-conviction relief.

Next, Waterman takes issue with the district court's decisions on his pro se motion for conflict counsel. The district court did not err because Waterman did not comply with the process set forth in *Ward* to represent himself in the case and have the district court properly consider his pro se filings. In that case, Ward filed a pro se petition for post-conviction relief and counsel was appointed. *Ward*, 166 Idaho at 331, 458 P.3d at 200. During the pendency of the proceedings and despite having appointed counsel, Ward filed numerous pro se documents. *Id*. While the district court was considering the State's motion for summary dismissal, Ward filed a pro se motion "purporting to be a motion 'respectfully [invoking] his right to self-representation.'" *Id*. at 332, 458 P.3d at 201. The district court granted the State's motion for summary dismissal and dismissed Ward's petition for post-conviction relief with prejudice; the court simultaneously denied Ward's request to represent himself as moot. *Id*. Ward filed additional pro se motions and a notice of appeal. *Id.* Appellate counsel was appointed. *Id*.

On appeal, Ward argued the district court erred in denying his request to proceed pro se. *Id*. The Idaho Supreme Court first addressed whether Ward's pro se filing to represent himself was properly filed in the district court. *Id*. The Court concluded that Ward's filing, even when construed as a motion, was not properly filed under I.R.C.P. 7(b)(3)(E) and, thus, was subject to dismissal without further notice. *Ward*, 166 Idaho at 332, 458 P.3d at 201. The motion was not properly filed because it did not request oral argument or include a supporting memorandum or brief. *Id*. As a result, the Supreme Court held that, pursuant to I.R.C.P. 7, the district court "had no duty to entertain any motion until it was properly supported or set for a hearing." *Ward*, 166 Idaho at 332, 458 P.3d at 201.

The Court then addressed whether Ward properly followed the method for proceeding without his attorney. *Id.* The Court reiterated that post-conviction proceedings are civil in nature, and as such, do not trigger any Sixth Amendment right to self-representation. *Id*. at 333, 458 P.3d

9

at 202. Instead, the Court noted that "a party to a civil action who wishes to proceed without an attorney must comply with the Idaho Rules of Civil Procedure." *Id.* Consequently, the Court turned to I.R.C.P. 11.3, which provides the procedure for substitution or withdrawal of an attorney in civil proceedings. *Ward*, 166 Idaho at 333, 458 P.3d at 202.

Pursuant to I.R.C.P. 11.3, there are two ways in which a represented party may proceed without an attorney. First, the party desiring to proceed without counsel may file a substitution of counsel indicating he will be representing himself but the attorney being replaced must sign the notice. I.R.C.P. 11.3(a)(1). Second, an attorney may withdraw pursuant to I.R.C.P. 11.3(b) by filing a motion to withdraw, setting the motion for a hearing, and providing notice to all parties. I.R.C.P. 11(3)(b)(1). If the attorney is granted leave to withdraw pursuant to I.R.C.P. 11.3(b), the party may proceed without counsel.

The Court concluded that Ward's motion failed to meet the requirements of I.R.C.P. 11.3(a)(1) because it did not purport to be a notice of substitution of counsel and was not signed by Ward's appointed counsel. *Ward*, 166 Idaho at 333, 458 P.3d at 202. Ward's filing similarly failed as a motion for request to withdraw pursuant to I.R.C.P. 11.3(b)(1) because Ward's appointed counsel did not file the motion, nor was the motion set for a hearing. *Ward*, 166 Idaho at 333, 458 P.3d at 202. The Court ultimately concluded that "Ward's filing was not a valid motion, properly brought before the district court," and the filing "was improper in both form and substance." *Id.*

Waterman did not comply with the methods identified in *Ward* and, as a result, the motion for conflict counsel, as well as all his other pro se filings, were not properly before the district court. The district court did not err in denying Waterman's pro se motion for appointment of conflict counsel.

Finally, Waterman argues he was provided insufficient notice of the bases of the district court's dismissal of Claim 2 in his amended petition because the State's motion for summary dismissal did not "cite to or describe any substantive law pertaining to [] Waterman's claim or identify the elements that [] Waterman had to prove." Waterman, however, acknowledges that the State's motion contained a section on the general standards governing petitions for post-conviction relief and the legal standards for claims of ineffective assistance of counsel. He argues the district court dismissed the claim without providing Waterman additional notice and an opportunity to respond.

10

Because a post-conviction proceeding is governed by the Idaho Rules of Civil Procedure, a motion for summary dismissal must, pursuant to I.R.C.P. 7(b)(1), state the grounds for dismissal with particularity. *DeRushé*, 146 Idaho at 601, 200 P.3d at 1150. "If the ground for summary disposition is that there is no admissible evidence on an essential element of a claim, reasonable particularity only requires pointing that out." *Id.* For an ineffective assistance of counsel claim, reasonable particularity only requires pointing out that there is a lack of evidence showing deficient performance or prejudice pursuant to the *Strickland* standard. *See DeRushé*, 146 Idaho at 601-02, 200 P.3d at 1150-51. It does not require explaining what further evidence is necessary to substantiate a petitioner's claim. *Id.* at 602, 200 P.3d at 1151. If a petitioner believes the grounds for dismissal alleged by the State in its motion for summary dismissal are insufficient, he must object in the court below. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1. A petitioner cannot challenge the sufficiency of the State's grounds for dismissal for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. Where the district court dismisses the petition on grounds alleged in the State's motion for summary dismissal and on additional, alternate grounds, the petitioner fails to show he was deprived of the statutory twenty-day notice set forth in I.C. § 19-4906. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283.

As discussed above, the State's motion for summary dismissal alleged that none of Waterman's claims were supported by admissible evidence. To the extent Waterman is claiming that notice was insufficient, he has waived that claim on appeal. Moreover, pursuant to *DeRushé*, the State's motion provided sufficient notice to Waterman of the deficiencies in the petition. To the extent Waterman is arguing the district court dismissed the petition on grounds different than those argued by the State, we disagree.

The district court held that Waterman failed to support any of his claims with sufficient admissible evidence. As additional grounds for dismissal, as to Claim 1, the district court held that counsel conceded the claim was unsupported by admissible evidence and was a claim that could have been raised on direct appeal, and therefore, was not a claim that could be raised in post-conviction. That the district court provided additional reasons for the dismissal of Claim 1 does not invalidate the other basis--lack of admissible evidence--that was alleged by the State and was the basis for the dismissal of Waterman's claims.

The record establishes that the district court dismissed the amended petition on the same ground as alleged by the State in its motion for summary dismissal: Waterman did not support

11

any of his claims with admissible evidence.  Consequently, Waterman was not entitled to any additional notice of the bases of dismissal of his petition.

## IV.

## CONCLUSION

Waterman failed to preserve a challenge to any claim except those explicitly set forth in the amended petition for post-conviction relief.  Waterman was provided sufficient notice of the district court's bases for dismissing the amended petition as the State's motion for summary disposition alleged none of Waterman's claims were supported by admissible evidence.  Because of that notice, the district court was not required to give Waterman an additional twenty-days' notice before dismissing the petition where the district court dismissed the petition on that identical ground.  The district court did not err in denying Waterman's pro se motions because Waterman failed to provide the procedural requirements set forth above.  Therefore, we affirm the district court's judgment and order dismissing Waterman's amended petition for post-conviction relief.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.